UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR H. SPARROW, III<br>1768 Willard Street, Northwest<br>Washington, D.C. 20009<br>(202) 246-7677,<br><br>          Plaintiff,<br><br>v.<br><br>AIR FRANCE-KLM GROUP<br>2 rue Robert Esnault-Pelterie<br>75005 Paris<br>France<br><br>AIR FRANCE<br>45 rue de Paris<br>95747 Roissy-CDG Cedex,<br>France<br><br>SUBURBAN TRAVEL<br>11510-G Rockville Pike<br>Rockville, Maryland 20852,<br><br>          Defendants. | Civil Action No. 1: 05-CV-01577 (RMC) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT AIR FRANCE-KLM

Defendant Air France-KLM (incorrectly sued herein as "Air France-KLM Group" and hereinafter referred to as "Air France-KLM"), by its attorneys, Holland & Knight LLP, as and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states, upon information and belief, as follows:

## AS TO THE ALLEGATIONS IN THE
## PRELIMINARY STATEMENT

1. Denies the allegations in the first unnumbered paragraph of the Preliminary Statement of the Complaint.

2. Denies the allegations in the second unnumbered paragraph of the Preliminary Statement of the Complaint and respectfully refers all questions of law to the Court.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third unnumbered paragraph of the Preliminary Statement of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth unnumbered paragraph of the Preliminary Statement of the Complaint and respectfully refers all questions of law to the Court.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth unnumbered paragraph of the Preliminary Statement of the Complaint and respectfully refers all questions of law to the Court.

6. With respect to the allegations in the sixth unnumbered paragraph of the Preliminary Statement of the Complaint, a responsive pleading is not required.

## AS TO THE ALLEGATIONS IN COUNT ONE
## FEDERAL CAUSES OF ACTION

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and respectfully refers all questions of law to the Court.

8. Admits that Air France-KLM is a holding company with limited liability organized under the laws of the Republic of France, owns 100% of the shares of Société Air France (incorrectly sued herein as "Air France" and hereinafter referred to as "Air France"), has

its principal office at 2 rue Robert Esnault-Pelterie 75005 Paris and is registered with the United States Securities and Exchange Commission, except denies the remaining allegations in Paragraph 2 of the Complaint and respectfully refers all questions of law to the Court.

9.   The allegations in Paragraph 3 of the Complaint are directed solely at another defendant and therefore do not require a response by Air France-KLM. To the extent that a response is necessary, Air France-KLM owns 100% of the shares of Air France.

10.  The allegations in Paragraph 4 of the Complaint are directed solely at another defendant and therefore do not require a response by Air France-KLM.

11.  Denies the allegations in Paragraph 5 of the Complaint as directed to Air France-KLM and respectfully refers all questions of law to the Court.

12.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

13.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

14.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

15.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

16.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

17.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

34. Denies the allegations in Paragraph 28 of the Complaint.

## AS TO THE ALLEGATIONS IN COUNT TWO
## DISTRICT OF COLUMBIA CAUSES OF ACTION

35. Answering Paragraph 29 of the Complaint, Defendant Air France-KLM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 34 of this Answer with the same force and effect as if herein set forth in full.

36. Denies the allegations in Paragraph 30 of the Complaint.

37. All allegations set forth in the Complaint not expressly admitted herein are denied.

## FIRST AFFIRMATIVE DEFENSE

38. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

39. Plaintiff failed to effect proper service of process.

## THIRD AFFIRMATIVE DEFENSE

40. The Complaint should be dismissed for insufficiency of process.

## FOURTH AFFIRMATIVE DEFENSE

41. The action should be dismissed on the ground of improper venue.

## FIFTH AFFIRMATIVE DEFENSE

42. The Court lacks personal jurisdiction over Air France-KLM.

## SIXTH AFFIRMATIVE DEFENSE

43. Air France-KLM is not liable for the acts or omissions of Air France, its employees and/or agents. To the extent that Air France-KLM were to be held liable for the acts or omissions of Air France, its employees and/or agents, Air France-KLM asserts and adopts all of the defenses available to and asserted by Air France, including, but not limited to, those defenses asserted under the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27,400-59, 1999 WL 33292734 (deposited by the United States at Montreal, September 5, 2003 and entered into force, November 4, 2003) ("Montreal Convention"), as well as defenses asserted under Air France's tariffs on file with the Department of Transportation of the United States and its Conditions of Carriage.

## SEVENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are preempted, either explicitly or implicitly, in whole or in part, by federal law, including but not limited to the Federal Aviation Act and/or the Airline Deregulation Act and/or applicable Federal Aviation Regulations or Homeland Security Regulations.

### EIGHTH AFFIRMATIVE DEFENSE

45. The alleged acts and/or omissions of Air France-KLM were not the legal or proximate cause of any injuries to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred as a result of Plaintiff's own negligence.

### TENTH AFFIRMATIVE DEFENSE

47. The alleged incident was the result of the fault, negligence, want of care, gross negligence, intentional act or acts or omissions of persons or entities other than Air France-KLM and over which Air France-KLM has no authority or control and was not the result of any fault, negligence, want of care, or other acts of omissions on the part of Air France-KLM.

### ELEVENTH AFFIRMATIVE DEFENSE

48. The incident and any resulting damages were due to the fault, neglect, want of care, or independent intervening or superseding acts or omissions or other culpable conduct of other parties or persons for which Air France-KLM is neither liable nor responsible and were not the result of any fault, neglect, want of care, or other culpable conduct on the part of Air France-KLM or its agents, servants, or employees.

### TWELFTH AFFIRMATIVE DEFENSE

49. The injuries or damages allegedly sustained by Plaintiff, which Air France-KLM denies, were the result of Plaintiff's embarking upon or concurring in an activity and a course of conduct that Plaintiff knew or should have known would subject him to the hazards and risks out of which the alleged injuries or damages arose, and Plaintiff's recovery is thereby barred or, in the alternative, diminished in proportion thereto.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. If Plaintiff was injured as a result of the alleged acts or omissions of Air France-KLM, which Air France-KLM denies, then any recovery must be reduced by Plaintiff's failure to mitigate damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

51. If Plaintiff was injured as a result of the alleged acts or omissions of Air France-KLM, which Air France-KLM denies, then any recovery must be reduced proportionately by Plaintiff's own negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

52. Some or all of the damages claimed by Plaintiff are limited or are not recoverable under applicable law. Further in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

### SIXTEENTH AFFIRMATIVE DEFENSE

53. Air France-KLM's recovery, if any, should be reduced by any collateral source payment that has been or will be paid to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff has failed to state a Section 1981 claim against Air France-KLM in that Plaintiff did not seek to or enter into a contract with Air France-KLM.

### EIGHTEENTH AFFIRMATIVE DEFENSE

55. Plaintiff was not denied the right to enter into or enjoy the privileges and benefits of a contract with Air France-KLM.

## NINETEENTH AFFIRMATIVE DEFENSE

56. Air France-KLM is not liable for the acts or omissions of Air France's employee(s) with whom Plaintiff interacted.

## TWENTIETH AFFIRMATIVE DEFENSE

57. Air France-KLM is not a place of public accommodation within the meaning of 42 U.S.C. § 2000a.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

58. Plaintiff has failed to exhaust all administrative remedies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

59. Plaintiff lacks standing to bring this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

60. Plaintiff seeks damages for injuries which are not compensable under applicable law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

61. To the extent Plaintiff alleges punitive damages claims, such claims are barred or limited by provisions of the United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protection of the laws.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

62. Air France-KLM intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its Answer to assert such defenses.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air France-KLM hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, Air France-KLM prays that judgment be entered in its favor, dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing together with costs and disbursements and such other and further relief as is just and proper.

Dated:    September 12, 2005

Respectfully submitted,

By _____
Lynn E. Calkins (D.C. Bar No. 445854)
Stacy L. Hawkins (D.C. Bar. No. 464776)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000   Phone
(202) 955-5564   Fax

*Counsel for Air France-KLM*


## NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air France-KLM hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, Air France-KLM prays that judgment be entered in its favor, dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing together with costs and disbursements and such other and further relief as is just and proper.

Dated:    September 12, 2005

Respectfully submitted,

By _____
Lynn E. Calkins (D.C. Bar No. 445854)
Stacy L. Hawkins (D.C. Bar. No. 464776)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000   Phone
(202) 955-5564   Fax

*Counsel for Air France-KLM*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by first-class mail, postage prepaid, this 12th day of September 2005, upon:

>Victor H. Sparrow, III
>1768 Willard Street, Northwest
>Washington, D.C.  20009
>
>Bruce L. Marcus, Esq.
>Marcus & Bonsib
>6411 Ivy Lane, Suite 116
>Greenbelt, Maryland  20770

>_____
>Lynn E. Calkins

# 3184623_v1