**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR H. SPARROW, III<br>1768 Willard Street, Northwest<br>Washington, D.C. 20009<br>(202) 246-7677,<br><br>    Plaintiff,<br><br>v.<br><br>AIR FRANCE-KLM GROUP<br>2 rue Robert Esnault-Pelterie<br>75005 Paris<br>France<br><br>AIR FRANCE<br>45 rue de Paris<br>95747 Roissy-CDG Cedex,<br>France<br><br>SUBURBAN TRAVEL<br>11510-G Rockville Pike<br>Rockville, Maryland 20852,<br><br>    Defendants. | Civil Action No. 1: 05-CV-01577 (RMC) |

## ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF DEFENDANT SOCIÉTÉ AIR FRANCE

Defendant Société Air France (incorrectly sued herein as "Air France" and hereinafter referred to as "Air France"), by its attorneys, Holland & Knight LLP, as and for its Answer to Plaintiff's Complaint, states upon information and belief as follows:

## AS TO THE ALLEGATIONS IN THE
## PRELIMINARY STATEMENT

1. Denies the allegations in the first unnumbered paragraph of the Preliminary Statement of the Complaint.

2. Denies the allegations in the second unnumbered paragraph of the Preliminary Statement of the Complaint and respectfully refers all questions of law to the Court.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third unnumbered paragraph of the Preliminary Statement of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth unnumbered paragraph of the Preliminary Statement of the Complaint and respectfully refers all questions of law to the Court.

5. With respect to the allegations in the fifth unnumbered paragraph of the Preliminary Statement, Air France admits that the Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27,400-59, 1999 WL 33292734 (deposited by the United States at Montreal, September 5, 2003 and entered into force, November 4, 2003) (hereinafter the "Montreal Convention") and the rights of the parties are subject to the provisions of the said Montreal Convention, but denies knowledge or information sufficient to form a belief as to whether there is "complete diversity" within the meaning of 28 U.S.C. § 1332 and respectfully refers all questions of law to the Court.

6. With respect to the allegations in the sixth unnumbered paragraph of the Preliminary Statement of the Complaint, a responsive pleading is not required.

2

## AS TO THE ALLEGATIONS IN COUNT ONE
## FEDERAL CAUSES OF ACTION

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and respectfully refers all questions of law to the Court.

8. The allegations in Paragraph 2 of the Complaint are directed solely at another defendant and therefore do to require a response by Air France. To the extent that a response is necessary, Air France-KLM is a holding company that owns 100% of the shares of Air France.

9. Denies the allegations in Paragraph 3 of the Complaint and respectfully refers all questions of law to the Court, except Air France admits that it is a limited liability corporation organized under the laws of the Republic of France; maintains its principal place of business in France with its main office at 45 rue de Paris, 95747 Roissy-CDG Cedex, France; is engaged in the international air transportation of passengers, baggage and cargo; and maintains a sales office at 1120 Connecticut Ave NW, Washington, D.C.

10. The allegations in Paragraph 4 of the Complaint are directed solely at another defendant and therefore do not require a response by Air France.

11. Denies the allegations in Paragraph 5 of the Complaint as directed to Air France and respectfully refers all questions of law to the Court.

12. Admits that on May 8, 2005, Suburban Travel made reservations for Plaintiff and five companions for the following flights:

```
AF  039     07 JUL     IAD-CDG
AF 1000     08 JUL     CDG-MAD
AF 1301     22 JUL     MAD-CDG
AF  026     22 JUL     CDG-IAD
```

3

On May 9, 2005, the reservations were changed and e-tickets were issued to Plaintiff and five companions for the following flights:

```
AF  027    06 JUL    IAD-CDG
AF 1600    07 JUL    CDG-MAD
AF 1301    24 JUL    MAD-CDG
AF  026    24 JUL    CDG-IAD
```

Air France denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint.

13.   Admits that, on or about June 15, 2005, an e-ticket was issued to a passenger named Kimberly Brown through Orbitz for the following flights:

```
AF  039    07 JUL    IAD-CDG
AF 1000    08 JUL    CDG-MAD
AF 1301    22 JUL    MAD-CDG
AF  026    22 JUL    CDG-IAD
```

Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint.

14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, but admits that tickets were issued as reflected in Paragraphs 12 and 13 of this Answer.

15.   Denies the allegations in Paragraph 9 of the Complaint.

16.   Denies the allegations in Paragraph 10 of the Complaint.

17.   Admits that Air France employee(s) advised Plaintiff and his five companions that their reservations had been changed as reflected in Paragraph 12 of this Answer, that any change to Plaintiff and his companions' ticketing would require them to contact Suburban Travel to initiate such changes, and that Kimberly Brown could travel as ticketed. Denies the remaining allegations in Paragraph 11 of the Complaint.

18. Denies the allegations in Paragraph 12 of the Complaint.

19. Denies the allegations in Paragraph 13 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

22. Denies the allegations in Paragraph 16 of the Complaint.

23. Denies the allegations in Paragraph 17 of the Complaint.

24. Denies the allegations in Paragraph 18 of the Complaint.

25. Denies the allegations in Paragraph 19 of the Complaint except admits that Plaintiff and five companions and Kimberly Brown traveled on the following flights:

```
AF  027     07 JUL     IAD-CDG
AF 1600     08 JUL     CDG-MAD
AF 1301     24 JUL     MAD-CDG
AF  026     24 JUL     CDG-IAD
```

26. Denies the allegations in Paragraph 20 of the Complaint.

27. Denies the allegations of Paragraph 21 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint except admits that Plaintiff and five companions and Kimberly Brown checked a total of 13 bags for their return flights on AF 1301 (MAD-CDG) and AF 026 (CDG-IAD) on July 24, 2005.

29. Denies the allegations in Paragraph 23 of the Complaint.

30. Admits that Plaintiff's claims are exclusively governed by the Montreal Convention, but denies the remaining allegations in Paragraph 24 of the Complaint.

31. Denies the allegations in Paragraph 25 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

34. Denies the allegations in Paragraph 28 of the Complaint except admits that Plaintiff's claims are exclusively governed by the Montreal Convention.

## AS TO THE ALLEGATIONS IN COUNT TWO
## DISTRICT OF COLUMBIA CAUSES OF ACTION

35. Answering Paragraph 29 of the Complaint, Defendant Air France repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 34 of this Answer with the same force and effect as if herein set forth in full.

36. Denies the allegations in Paragraph 30 of the Complaint.

37. All allegations set forth in the Complaint not expressly admitted herein are denied.

## FIRST AFFIRMATIVE DEFENSE

38. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

39. Plaintiff failed to effect proper service of process.

## THIRD AFFIRMATIVE DEFENSE

40. The Complaint should be dismissed for insufficiency of process.

## FOURTH AFFIRMATIVE DEFENSE

41. The action should be dismissed on the ground of improper venue.

## FIFTH AFFIRMATIVE DEFENSE

42. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Montreal Convention, and the rights of the parties are subject to the provisions of the said Montreal Convention.

## SIXTH AFFIRMATIVE DEFENSE

43. Air France is not liable for Plaintiff's alleged damages because Plaintiff cannot satisfy the conditions precedent to liability under Article 17(1) of the Montreal Convention.

## SEVENTH AFFIRMATIVE DEFENSE

44. Air France is not liable to Plaintiff under Article 17(2) because, upon information and belief, the damage to Plaintiff's checked baggage resulted from the inherent defect, quality or vice of the baggage.

## EIGHTH AFFIRMATIVE DEFENSE

45. Air France is not liable to Plaintiff because, upon information and belief, defendant Air France and its agents took all reasonable measures within the meaning of Article 19 of the Montreal Convention to avoid the damage alleged in the Complaint

## NINTH AFFIRMATIVE DEFENSE

46. All or part of the damages allegedly sustained by Plaintiff were caused solely by Plaintiff's culpable conduct through Plaintiff's own negligent, reckless and careless acts or omissions and his damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to Plaintiff in accordance with Article 20 of the Montreal Convention.

## TENTH AFFIRMATIVE DEFENSE

47. Pursuant to Article 21(1) of the Montreal Convention, the liability of Air France, if any, is limited to Plaintiff's provable damages up to a maximum of 100,000 Special Drawing Rights.

## ELEVENTH AFFIRMATIVE DEFENSE

48. Pursuant to Article 21(2)(a) of the Montreal Convention, Air France is not liable to Plaintiff because Plaintiff's damages, if any, were not due to the negligence or other wrongful act or omission of Air France or its servant or agents.

## TWELFTH AFFIRMATIVE DEFENSE

49. Pursuant to Article 21(2)(b) of the Montreal Convention, Air France is not liable to Plaintiff because Plaintiff's damages, if any, were solely due to the negligence or other wrongful act or omission of a third party.

## THIRTEENTH AFFIRMATIVE DEFENSE

50. Pursuant to Article 22(1) of the Montreal Convention, Air France's liability for delay, if any, is limited to provable damages of a sum not in excess of 4,140 Special Drawing Rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

51. Pursuant to Article 22(2) of the Montreal Convention, Air France's liability for damage and/or loss of baggage, if any, is limited to provable damages of a sum not in excess of 1,000 Special Drawing Rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

52. Pursuant to Article 29 of the Montreal Convention, Plaintiff's state law claims are completely preempted by the Montreal Convention. *See also EL AL Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155 (1999).

### SIXTEENTH AFFIRMATIVE DEFENSE

53. Pursuant to Article 29 of the Montreal Convention, Plaintiff's claims for exemplary damages are barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

54. Pursuant to Article 31 of the Montreal Convention, Plaintiff's baggage claim is barred because Plaintiff failed to give timely written notice of claim to Air France

### EIGHTEENTH AFFIRMATIVE DEFENSE

55. Pursuant to its tariffs on file with the Department of Transportation of the United States and pursuant to its Conditions of Carriage as set forth in the relevant contract of transportation, Air France is not liable to Plaintiff or, in the alternative, Air France's liability is limited.

### NINETEENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are preempted, either explicitly or implicitly, in whole or in part, by federal law, including but not limited to the Federal Aviation Act and/or the Airline Deregulation Act and/or applicable Federal Aviation Regulations or Homeland Security Regulations.

### TWENTIETH AFFIRMATIVE DEFENSE

57. The alleged acts and/or omissions of Air France were not the legal or proximate cause of any injuries to Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred as a result of Plaintiff's own negligence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

59. The alleged incident was the result of the fault, negligence, want of care, gross negligence, intentional act or acts or omissions of persons or entities other than Air France and over which Air France has no authority or control and was not the result of any fault, negligence, want of care, or other acts of omissions on the part of Air France.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

60. The incident and any resulting damages were due to the fault, neglect, want of care, or independent intervening or superseding acts or omissions or other culpable conduct of other parties or persons for which Air France is neither liable nor responsible and were not the result of any fault, neglect, want of care, or other culpable conduct on the part of Air France or its agents, servants, or employees.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

61. The injuries or damages allegedly sustained by Plaintiff, which Air France denies, were the result of Plaintiff's embarking upon or concurring in an activity and a course of conduct that Plaintiff knew or should have known would subject him to the hazards and risks out of which the alleged injuries or damages arose, and Plaintiff's recovery is thereby barred or, in the alternative, diminished in proportion thereto.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

62. If Plaintiff was injured as a result of the alleged acts or omissions of Air France, which Air France denies, then any recovery must be reduced by Plaintiff's failure to mitigate damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

63. If Plaintiff was injured as a result of the alleged acts or omissions of Air France, which Air France denies, then any recovery must be reduced proportionately by Plaintiff's own negligence.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

64. Some or all of the damages claimed by Plaintiff are limited or are not recoverable under applicable law. Further in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

65. Plaintiff's recovery, if any, should be reduced by any collateral source payment that has been or will be paid to Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

66. Plaintiff was not denied the right to enter into or enjoy the privileges and benefits of a contract with Air France.

## THIRTIETH AFFIRMATIVE DEFENSE

67. Plaintiff was not denied the right to enter or equally enjoy the accommodations of Air France or the services attendant to those accommodations.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

68. There were no persons similarly situated to Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

69. Even if there were persons similarly situated to Plaintiff, Plaintiff was treated no differently than any other similarly situated person(s) in his entitlement to receive or enjoy the privileges and benefits of a contract with Air France.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

70.     Air France is not vicariously liable for the acts or omissions of its employee(s) with whom Plaintiff interacted.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

71.     Air France is not a place of public accommodation within the meaning of 42 U.S.C. § 2000a.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

72.     Plaintiff has failed to exhaust all administrative remedies.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

73.     Plaintiff lacks standing to bring this action.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

74.     Plaintiff seeks damages for injuries which are not compensable under applicable law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

75.     To the extent Plaintiff alleges punitive damages claims, such claims are barred or limited by provisions of the United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protection of the laws.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

76.     Air France intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its Answer to assert such defenses.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air France hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, Air France prays that judgment be entered in its favor, dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing together with costs and disbursements and such other and further relief as is just and proper.

## AS AND FOR A CROSS-CLAIM AGAINST
## DEFENDANT SUBURBAN TRAVEL

And for its Cross-claim against the Defendant Suburban Travel, Air France complains and alleges, upon information and belief, as follows:

1.  Plaintiff's Complaint seeks damages, in part, for the alleged unauthorized change of his ticket reservations on Air France flights, which resulted in Plaintiff and five companions having to change their ticketing on July 7, 2005 and incur charges and/or penalties for the new tickets along with delay in their transportation.

2.  Defendant Suburban Travel is the travel agency through which Plaintiff and five companions made ticket reservations and purchased tickets for travel on Air France. On May 8, 2005, Suburban Travel made reservations for Plaintiff and five companions for the following flights:

    | AF 039  | 07 JUL | IAD-CDG |
    | AF 1000 | 08 JUL | CDG-MAD |
    | AF 1301 | 22 JUL | MAD-CDG |
    | AF 026  | 22 JUL | CDG-IAD |

3.  On May 9, 2005, Suburban Travel changed the reservations and issued e-tickets to Plaintiff and five companions for the following flights:

13

```
AF  027      06 JUL      IAD-CDG
AF 1600      07 JUL      CDG-MAD
AF 1301      24 JUL      MAD-CDG
AF  026      24 JUL      CDG-IAD
```

4.   On July 7, 2005, Plaintiff and five companions changed their ticketing through Suburban Travel and traveled on the following flights:

```
AF  027      07 JUL      IAD-CDG
AF 1600      08 JUL      CDG-MAD
AF 1301      24 JUL      MAD-CDG
AF  026      24 JUL      CDG-IAD
```

5.   Any damages for delay or charges and/or penalties incurred by Plaintiff arising out of or resulting from the change(s) in the ticketing of Plaintiff and five companions are due to the acts or omissions of Suburban Travel.

6.   If Air France should be held liable to Plaintiff on the claims related to or arising out the change(s) in ticketing, then Air France would be entitled to judgment over and against Suburban Travel for indemnification and/or contribution by reason of the acts and/or omissions of Suburban Travel.

WHEREFORE, Cross-claim Plaintiff Air France prays that judgment be entered in its favor, granting the Cross-claim together with costs and disbursements and such other and further relief as is just and proper.

Dated:   August 29, 2005

>Respectfully submitted,
>
>By _____
>Lynn E. Calkins (D.C. Bar No. 445854)
>Stacy L. Hawkins (D.C. Bar. No. 464776)
>HOLLAND & KNIGHT LLP
>2099 Pennsylvania Avenue, N.W.
>Suite 100
>Washington, D.C. 20006
>(202) 955-3000   Phone
>(202) 955-5564   Fax
>
>*Counsel for Société Air France*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by first-class mail, postage prepaid, this 29th day of August 2005, upon:

>Victor H. Sparrow, III
>1768 Willard Street, Northwest
>Washington, D.C. 20009
>
>Suburban Travel
>11510-G Rockville Pike
>Rockville, Maryland 20852

_____
Lynn E. Calkins

# 3170871_v1