THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR H. SPARROW, III : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 05-1577RMC |
| : | |
| AIR FRANCE-KLM GROUP, et al. : | |
| : | |
| Defendants. : | |

### DEFENDANT SUBURBAN TRAVEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Suburban Travel, by and through its counsel Bruce L. Marcus, Esq., Joseph A. Compofelice, Jr., Esq., and Marcus & Bonsib, and thereby submits this Memorandum of Point and Authorities in support of its Motion to Dismiss.

**I.   INTRODUCTION**

Plaintiff has alleged that Defendant Suburban Travel is a Maryland travel agency that sold airline tickets to him and his six traveling companions. (Complaint, at ¶6). Plaintiff further alleges that he and his traveling companions were not permitted by Defendant Air France to travel on their originally scheduled flight, and later were denied the opportunity by Defendant Air France to make a claim for lost or damaged luggage. Plaintiff is suing on behalf of himself and his six unnamed traveling companions, none of whom are parties to this suit, seeking damages against Defendants, jointly and severally, under 42 U.S.C. §1981, 42 U.S.C. §1985(3), 42 U.S.C. §1986, and 42 U.S.C. §2000, the Montreal Convention, the District of Columbia Consumer Protection Act, the District of Columbia Human Rights Act, and intentional infliction of emotional distress.

For reasons set forth below the Complaint must be dismissed in its entirety as to the named Defendant Suburban Travel because it fails to state a claim upon which relief can be granted. More specifically:

1. Plaintiff's Complaint fails to state claims for which relief can be granted.

2. Plaintiff improperly includes individuals not named as parties in this action in his request for relief.

3. Plaintiff has improperly named Defendant as Suburban Travel in its Complaint rather than its registered name of Bigio Brothers, Inc.

4. Plaintiff fails to properly plead or even allege an inference of racial animus on the part of Defendant Suburban Travel under 42 U.S.C. §1981.

5. Plaintiff fails to properly plead that Defendant Suburban Travel engaged in a conspiracy based upon racial animus under 42 U.S.C. §1985(3).

6. Plaintiff fails to properly plead that that Defendant Suburban Travel neglected to prevent a conspiracy to prevent conspiracy under the derivative claim of 42 U.S.C. §1986.

7. Plaintiff is unable to recover monetary damages under 42 U.S.C. §2000(a), a statutory provision whose only recourse is an injunction, and Plaintiff has failed to demonstrate that he was denied access to a public accommodation.

8. Plaintiff has improperly plead a claim under the Convention for International Carriage by Air Done at Montreal ("Montreal Convention") against Defendant Suburban Travel, as Defendant Suburban Travel does not engage in any international carriage by air.

9. Plaintiff's state statutory and common law claims against Defendant Suburban Travel must be dismissed because this court lacks proper supplemental jurisdiction to entertain those claims.

## II.     FACTUAL BACKGROUND

Plaintiff's Complaint alleges that he and six other passengers booked a flight on Air France leaving from Washington, D.C. and arriving in Madrid, Spain, through Defendant Suburban Travel, a travel agency. (Complaint, at ¶6). This flight was allegedly scheduled to depart on July 7, 2005. (Complaint, at ¶6). Plaintiff and the six other passengers arrived at Dulles Airport on July 7, 2005 and attempted to check-in for their flight with Air France. (Complaint, at ¶8). According to the Complaint, although all passengers were initially provided boarding passes, these boarding passes were later destroyed by another Air France employee after she was unable to locate the names of six passengers on the departure manifest list. (Complaint, at ¶8-9). The travelers were advised by Air France that their reservations for six of the passengers had been changed from July 7, 2005 to the previous day, July 6, 2005. (Complaint, at ¶11). Air France allegedly indicated that any modification or change to the six reservations would need to be initiated by Defendant Suburban Travel. (Complaint, at ¶11). Plaintiff alleges that the travelers were treated dismissively by Defendant Air France during this exchange, that Defendant Air France's employees uttered at least one racial epithet, and were told to step away from the counter. (Complaint, at ¶12).

Plaintiff then alleges to have contacted Defendant Suburban Travel regarding the situation. (Complaint, ¶14). According to the Complaint, Defendant Suburban Travel advised Plaintiff that the reservations had been changed by one of the travelers. (Complaint, at ¶14). Plaintiff alleges that after extended telephone conversations between Plaintiff and Defendant Suburban Travel, and faxed, electronic, and telephone exchanged between Defendant Suburban Travel and Defendant Air France, the six passengers were permitted to travel on a later Air France flight for an additional fee of $400.00 per ticket. (Complaint, at ¶15). Another traveler,

who had not booked her flight through Defendant Suburban Travel, is alleged to have been permitted to travel on a later flight for an additional $1,500.00 fee. (Complaint, at ¶17). It is alleged that all travelers were to have been able to travel on a later Air France flight. (Complaint, at ¶19). Plaintiff alleges that as a result of the later Air France flight, and subsequent later arrival at his destination, he was forced to spend an additional $415.00 for ground transportation. (Complaint, at ¶20).

After the travelers' return flight to Washington, D.C., Plaintiff alleges that Defendant Air France lost one of the traveler's bags and extensively damaged another traveler's bag. (Complaint, at ¶23). Plaintiff alleges upon attempting to make a claim for the lost and damaged luggage, Defendant Air France's employee refused to take a written report and advised him to call Defendant Air France's customer service the following morning. (Complaint, at ¶24). The next morning, Plaintiff alleges that he contacted Defendant Air France's customer service and was told that the proper procedure for claiming damaged or lost luggage was to make a claim upon arrival. (Complaint, ¶26). Plaintiff further alleges that the value of the materials lost or damaged by Defendant Air France was $780.00. (Complaint, at ¶27).

Plaintiff is suing Defendants under 42 U.S.C. §1981 & 2000a et seq., the Montreal Convention, the District of Columbia Human Rights Act, Section 2-1401.02(24), the District of Columbia Consumer Protection Procedures Act, 28 D.C.C. §3901 et seq, and intentional infliction of emotional distress.

### III.    STANDARD OF REVIEW

A Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) when the facts alleged in the complaint, taken as true, fail to prove that the plaintiff is entitled to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001). Accordingly,

where the facts alleged in a complaint do not support the legal conclusions, a plaintiff's insertion into the pleading of a few conclusory legal terms will not insulate the complaint from dismissal. Migdal v. Rowe Price-Fleming Int'l., 248 F.3d 321, 326 (4th Cir. 2001); Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001).  This is true despite the liberal pleading standards of Fed. R. Civ. P. 8(a); it is well settled that a plaintiff frequently must offer more detail than the bald statement that he has a valid claim of some type to avoid a motion to dismiss.  Migdal, 248 F.3d at 326.  Accordingly, the use in a complaint of conclusory legal terms such as "deliberate indifference," "malicious," "outrageous," and "wanton" will not, of themselves, create a cause of action where the facts alleged in the complaint could not support such a finding.  Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001).  Where, as here, the alleged motive of a defendant is at issue, a district court also has discretion to require the plaintiff to "put forward specific, non-conclusory factual allegations that establish improper motive."  Crawford-El v. Britton, 523 U.S. 574, 598 (1998).

    **IV.**    **ARGUMENT**

    **A.**    **Plaintiff Improperly Seeks Recovery on Behalf of Un-identified Parties and Has Improperly Named Defendant Suburban Travel in His Complaint.**

While Plaintiff is the only named individual prosecuting this claim, he includes in his prayers for relief six other unnamed travelers and in the substance his Complaint, describing and including their injuries as a basis for his recovery.  Based upon Plaintiff's own allegations in his Complaint, his entire claim of violations under the Montreal Convention occurred not to Plaintiff, but an unnamed member of Plaintiff's party.  (Complaint, at ¶22-26).  Additionally, Plaintiff includes these unnamed traveling companions in any and all of his requests for damages, e.g., multiplying the increased price per ticket to include the costs for all travelers.

(Complaint, at ¶15-16). Finally, Plaintiff, having failed to conduct any inquiry, has improperly identified as a Defendant "Suburban Travel", in this case an abbreviated trade name. While this is the trade name of Defendant's travel agency, it is not its legal name. Defendant's proper registered name is "Bigio Brothers, Inc.". Thus, Plaintiff has both improperly included unnamed, unidentified individuals in the substance of his Complaint and therefore improperly named a Defendant who is not amenable. Plaintiff's Complaint must be dismissed.

It is well settled that every action must be prosecuted in the name of the real party in interest. FRCP 17(a). A real party in interest is the party who, by substantive law, possesses the right to be enforced. Best v. Kelly, 309 U.S. App. D.C. 51 (1994). Plaintiff may only assert a claim based upon damages that he has experienced, and not the damages that alleged, but unidentified traveling companions claim to have sustained.[1]

Further, Plaintiff has improperly named as a Defendant a party identified as "Suburban Travel" in his Complaint. Plaintiff names "Suburban Travel" located at 11510-G Rockville Pike, Rockville, Maryland as a defendant in this case. While Suburban Travel is a trade name name, it is not nor is it ever alleged to be a partnership, corporation, limited liability company or any other "person" amenable to suit or any other relief in this Court. (D.C. Code §29-101.99). Defendant's proper registered name is "Bigio Brothers, Inc.".

Plaintiff has improperly included unnamed parties in the substance of his Complaint against Defendant Suburban Travel, and has improperly named "Suburban Travel" instead of its proper registered name of "Bigio Brothers, Inc." as a defendant in this matter. Plaintiff cannot be heard to maintain an action in a representative company and because Plaintiff has failed to

---

[1] Defendant Suburban Travel assumes that Plaintiff, in his individual capacity, and as a former member of the New York and Maryland bar, but not in good standing, would not engage in the authorized practice of law by representing these unidentified companions.

6

identify and name an entity amenable to suit and conferred to properly seek conferred of the jurisdiction of this Court.  Plaintiff's claims must be dismissed.

### B. Plaintiff Has Failed To Properly Plead or Demonstrate An Inference of Unlawful Discrimination Under 42 U.S.C. §1981.

Plaintiff claims that he and his fellow travelers were racially discriminated against in their interactions with the named Defendants.  Plaintiff ostensibly alleges that either Defendant Air France or Defendant Suburban Travel changed Plaintiff and his traveling companion's reservations without authorization, and they were subsequently not permitted to travel at their originally scheduled time.  Plaintiff also alleges that an employee of Defendant Air France uttered a racial epithet directed towards Plaintiff and his fellow travelers. (Complaint, at ¶ 12). Plaintiff states that a similarly situated Caucasian would not have been treated in the same manner.  (Complaint, at ¶ 21).  Plaintiff also alleges that following the return flight, he attempted to make a lost and damaged baggage claim but was unable to do so as a result of Defendant Air France's refusal to take his claim.  (Complaint, at ¶ 23-27).  Plaintiff's claims are not sufficient to state a proper cause of action under 42 U.S.C. §1981 against Defendant Suburban Travel as the required element of purposeful discrimination has not been alleged, nor could it be because when viewed in the light most favorable to the Plaintiff, it is clear that Defendant Suburban Travel had nothing at all to do with the traveling companion's baggage or any racial epithet, assuming that either of these allegations can form the basis for liability under §1981.

Subsection A of this statutory provision provides that "all persons…shall have the same right...to make and enforce contracts…as is enjoyed by white citizens".  42 U.S.C. §1981(a). Subsection B of this statutory provision defines "to make and enforce contracts" to include "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship".  42 U.S.C. §1981(b).  "The aim of the statute is to remove the impediment of discrimination from a

7

minority citizen's ability to participate in the marketplace". Bobbitt v. Rage, Inc., 19 F.Supp.2d 512 (1998). Although Plaintiff fails to make a definite statement on this matter, Defendant Suburban Travel can only assume that Plaintiff is claiming that his right to contract for travel services was interfered with by Defendants' actions. A properly plead cause of action under 42 U.S.C. §1981 in the context of a service industry must include the following elements: (1) that plaintiff is a member of a racial minority, (2) that plaintiff made himself available to receive and pay for services ordinarily provided by the defendant to all members of the public in the manner in which they are ordinarily enjoyed, (3) they did not enjoy the privileges and benefits of the contracted for experience under factual circumstances which rationally support an inference of unlawful discrimination. Callwood v. Dave & Buster's Inc., 98 F.Supp.2d 694, 707 (2000). An inference of unlawful discrimination can be supported in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not deprived of those services, and/or (b) they received services in a markedly hostile manner and in a manner which a reasonable person would find objectively unreasonable. Callwood v. Dave & Buster's Inc., 98 F.Supp.2d 694, 707 (2000).

     Plaintiff has failed to allege any inference of unlawful discrimination by Defendant Suburban Travel. Plaintiff was not deprived of any services, and was able to travel on a later Air France flight. Plaintiff has not pled or demonstrated, beyond the mere conclusory statements in his Complaint, that discrimination has not occurred, being that similarly situated persons not members of a protected class were not deprived of those same services. Further, Plaintiff has not demonstrated or plead that he received services in a markedly hostile way in which a reasonable person would find objectively unreasonable. In fact, Plaintiff makes no allegation in his Complaint regarding Defendant Suburban Travel's services to him outside of the initial dispute

over the travel plans.  The entirety of Plaintiff's racial discrimination allegations, including the utterance of a racial epithet and being treated discourteously, occurred at the hands of Defendant Air France.  Plaintiff has not, and is unable to, properly plead a cause of action against Defendant Suburban Travel; and his Complaint must therefore be dismissed.

    **C.**    **Plaintiff's Claim For Conspiracy Under 42 U.S.C. 1985(3) and 42 U.S.C. 1986 Must Be Dismissed As Plaintiff Utterly Fails to Demonstrate That Defendant Suburban Travel Engaged In a Conspiracy Based Upon Racial Animus or Neglected to Prevent Such a Conspiracy**

Plaintiff in the Preliminary Statement of his Complaint states that he is seeking recovery from Defendants, jointly and severally, under 42 U.S.C. 1985(3) for conspiracy to deprive him and his companions of their civil rights, and under 42 U.S.C. §1986 for neglecting to prevent a conspiracy to deprive him of his civil rights.  (Complaint, at ¶ 1-2). Further, the pleading requirements under F.R.C.P. 8 are heightened in cases that allege conspiracy, requiring a plaintiff to plead these allegation with greater specificity.  See, Waller v. Butkovich, 584 F. Supp. 909 (M.D. N.C. 1984), Alfaro v. E.F. Hutton & Co., 606 F. Supp. 1100 (E.D. Pa. 1985), Kwoun v. Southeast Missouri Professional Standards Review Organization, 622 F. Supp. 520 (E.D. Mo. 1985).  However, Plaintiff does not specify which individuals or Defendants were engaged in this alleged conspiracy, detail any what actions were taken in furtherance of the alleged conspiracy, detail what the conspiracy entailed, or specifically plead that this conspiracy was based upon invidious racial animus.   Plaintiff also alleges that Defendant Suburban Travel is liable under 42 U.S.C. §1986 for negligently failing to prevent a conspiracy to deprive him of his civil rights.  Plaintiff fails to plead these allegations later in his Complaint under his count of Federal Causes of Action, and fails to include these charges in his ad damnum clause.  Plaintiff's claim under 42 U.S.C. §1985(3) must be dismissed against Defendant Suburban Travel as Plaintiff has failed to state a legally sustainable cause of action.

In order to maintain a successful claim under 42 U.S.C. 1985(3) a plaintiff must prove that two or more persons conspired for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. <u>Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)</u>. This deprivation must be based upon some racial, or perhaps otherwise class-based, invidiously discriminatory animus. <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971). An equal protection claim could also be stated where a plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562 (2000). A claim for neglect to prevent conspiracy is derivative of §1985 and provides remedy for persons injured by neglect or refusal to those having power to do so to prevent wrongs specified in §1985, and there no valid claim for relief under this section unless a valid claim has first been established under §1985. <u>Johnston v. National Broadcasting Co.</u>, 356 F.Supp 904 (1973). For liability to attach under §1986, a defendant must be in a position to prevent its implementation, and to have neglected or refused to prevent it. <u>Park v. City of Atlanta</u>, 120 F.3d 1157 (1997).

Plaintiff fails to successfully plead to any of these requirements. Plaintiff alleges in conclusory statements the existence of a conspiracy, but fails to state the any basis of facts, <u>e.g.</u>, state what actors were involved in the alleged conspiracy, or state which Defendants were involved in the "conspiracy". Plaintiff alleges that this "conspiracy" was based upon racial animus, but presents as evidence some unspecified "racial epithet" that one of Defendant Air France's unidentified employees is alleged to have uttered. Plaintiff does not plead, as he cannot, that Defendant Suburban Travel exhibited any racial or class-based animus towards Plaintiff. To further confuse matters, Plaintiff merely mentions this claim in passing in his "Preliminary

Statement" but fails to enumerate or plead these allegations later in his Complaint, making it unclear if Plaintiff is actually pursuing claims or whether it is simply part of the narrative. Plaintiff has not, and cannot, properly plead a cause of action against Defendant Suburban Travel for conspiracy to deprive him of his civil rights.  Claims under 42 U.S.C. §1986 are a derivative claims, and as demonstrated above, Plaintiff has failed to state a cause of action for §1985(3), he is precluded from making the derivative claim.  Moreover, Plaintiff must properly plead that Defendant Suburban Travel knew of the conspiracy and had been, or was in a position to prevent it.  Plaintiff fails as he must to plead or demonstrate any fact that would support the conclusion that Suburban Travel was in a position to dictate policy or practice to an Air France employee located at an airport boarding gate.  Plaintiff's claims against Defendant Suburban Travel under 42 U.S.C. §1985(3) and §1986 must be dismissed.

    **D**.    **Plaintiff Has Failed To State A Cause of Action Under 42 U.S.C. 2000(a) As He Has Failed To Demonstrate That He Was Denied Access to A Public Accommodation And He Has No Ability to Recover Monetary Damages Under the Statute**

Plaintiff seeks unspecified monetary damages under 42 U.S.C. 2000(a) presumably on grounds that he was denied access to a public accommodation.  Plaintiff does not enumerate or detail the substance of his Complaint against any Defendant, and merely includes this charge in the ad damnum clause of the Complaint as an afterthought.  However, Plaintiff is unable to recover monetary damages as this statutory provision only permits injunctive relief, and does not permit any recovery for monetary damages.  Moreover, Plaintiff has not demonstrated that he was actually deprived of any public accommodation by Defendant Suburban Travel.

Congress enacted 42 U.S.C. §2000(a) in response to pervasive discrimination and segregation based upon race in public accommodation and services.  This statute entitles all persons to the full and equal enjoyment of the goods, services, facilities, privileges, advantages

11

and accommodations of any place of public accommodation, without discrimination or segregation on the grounds of race, color, religion or national origin. 42 U.S.C. §2000(a). A necessary ingredient of this claim is that an individual was denied services, access or accommodations. Any violation of these substantive rights is to be remedied exclusively by the award of injunctive relief--in other words, a plaintiff may not recover monetary damages under this section. <u>United States v. Johnson</u>, 390 U.S. 563, 567 (1968).

Plaintiff has absolutely no basis for any recovery under the statutory provision. Plaintiff is absolutely unable to recover any monetary damages under this section despite his request for them. Plaintiff has not requested an injunction against any Defendant. Further, Plaintiff has not plead, asserted, or demonstrated that he has been denied any access or service by Defendant Suburban Travel. Plaintiff's claim against Defendant Suburban Travel must be dismissed as Plaintiff is not entitled to recovery under this statutory provision.

### E. Plaintiff's Claim Against Defendant Suburban Travel Under the Montreal Convention Must Be Dismissed As Defendant Is Not Engaged In International Carriage

In his claim under the Montreal Convention, Plaintiff seeks to hold a travel agency who sold airline tickets accountable for lost, misplaced, or damaged luggage. This claim, like the remainder of the Complaint, is patently frivolous. Plaintiff asserts this claim against all Defendants, including Suburban Travel. However, Plaintiff does not plead or specify, and would be under this set of facts unable to see how his claim under the Montreal Convention applies to Defendant Suburban Travel, as the Montreal Convention applies to companies involved in international carriage. Plaintiff's claims against Defendant Suburban Travel under the Montreal Convention must be dismissed as the terms of the treaty are wholly inapplicable to Defendant Suburban Travel.

The Convention for International Carriage by Air Done at Montreal was a treaty agreed to on May 28, 1999 and ratified by the United States on September 5, 2003.  S. Treaty Doc. No. 106-45, 1999 WL 33292735.  The purpose of this treaty, according to then President Bill Clinton, was to increase the "meager and arbitrary limits of liability" for passenger injuries and death under the Warsaw Convention.  The Montreal Convention also established protocol for the international transportation of luggage and carriage, including establishing procedures for lost and damaged luggage.  See Articles 18 and 22.   This treaty applies only to entities engaged in international carriage by air of persons, baggage, or cargo, whether for reward or performed gratuitously by an air transport undertaking.  See Article 1.1.

Plaintiff is unable to recover against Defendant Suburban Travel under the Montreal Convention.  This treaty intended to, among other things, establish a lost or damaged luggage procedure for international carriage.  Defendant Suburban Travel by Plaintiff's allegations is a travel agency and is not engaged in any international carriage, nor does Plaintiff allege that Defendant Suburban Travel has or does engage in any international carriage.  Plaintiff has not alleged, nor can he allege, that Defendant Suburban Travel in any way mishandled his claim for lost or damaged luggage.  As a result, Plaintiff's claim against Defendant Suburban Travel under the Montreal Convention must be dismissed as Plaintiff as this treaty is wholly inapplicable to Defendant Suburban Travel.

### F. Plaintiff's State Statutory and Common Law Claims Must Be Dismissed As This Court Lacks Supplemental Jurisdiction To Hear Them.

Plaintiff bases federal jurisdiction upon federal question jurisdiction under 28 U.S.C. §1331, arising out of his claims of racial discrimination and under the Montreal Convention, and upon diversity jurisdiction under 28 U.S.C. §1332.  Plaintiff's state statutory claims under the District of Columbia Consumer Protection Act, 28 D.C. Code §3901, the District of Columbia

13

Human Rights Act, D.C. Code 2-1401-02(24), and the common law claim of intentional infliction of emotional distress is brought under the court's supplemental jurisdiction under 28 U.S.C. §1367.  However, Plaintiff's state statutory and common law claims against Defendant Suburban Travel must be dismissed because this court lacks valid federal jurisdiction for any of Plaintiff's claims against Defendant Suburban Travel.  Plaintiff has failed to state a valid federal cause of action against Defendant Suburban Travel, and in this absence, any state statutory or common law claims cannot stand.  Moreover, nothing alleged in the Complaint has or could subject Defendant Suburban Travel to the statutes and laws of the District of Columbia.  Plaintiff alleges in his Complaint that Defendant Suburban Travel does business in the State of Maryland.

Federal district courts are courts of limited jurisdiction.  Congress has conferred original jurisdiction on the district courts in federal-question cases arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. §1331.  This provides a federal forum for plaintiffs who seek to vindicate federal rights.  Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2616, 2005 U.S. Lexis 5015 (2005).  District courts are also given original jurisdiction over diversity cases, including civil actions between citizens of different states, between U.S. citizens and foreign citizens or by foreign states against U.S. citizens, provided that they meet the amount in-controversy requirement.  23 U.S.C. §1332.  Once the district court has established original jurisdiction, the district court *may* exercise supplemental jurisdiction over related state claims that arose from the same Article III case or controversy.  Exxon Mobil Corp., 125 S.Ct. at 2616, in accord Mine Workers v. Gibbs, 383 U.S. 715 (1966).  The district courts are required to have original jurisdiction over at least one claim in the action.  Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere.  Exxon Mobil Corp., 125 S.Ct. at 2618.

Plaintiff brings his case in this district court under federal question jurisdiction, based upon his claims under 42 U.S.C. §1981, §1985(3), §1986 and §2000(a), and the Montreal Convention. Plaintiff's claims for intentional infliction of emotional distress, claims under the D.C. Human Rights Act, and claims under the D.C. Consumer Protection Procedures Act are based entirely under state law and are subject to supplemental, not original, jurisdiction in this court. However, as demonstrated in Defendant Suburban Travel's Motion to Dismiss, Plaintiff has failed to plead, and is unable to properly plead, any federal cause of action that would probably confer federal question jurisdiction upon Defendant Suburban Travel.

Further, Plaintiff fails to properly demonstrate that Defendant Suburban Travel, a Maryland-based company, has subjected itself to the statutes and laws of the District of Columbia. The specific transaction that Plaintiff engaged in with Defendant Suburban Travel, the purchasing of airline tickets, occurred exclusively in Maryland. Plaintiff's Air France flight was scheduled to leave from Dulles Airport, located in Virginia. The District of Columbia is implicated in this transaction only because Plaintiff himself resides there. Plaintiff has presented no evidence to suggest that Defendant Suburban Travel has purposefully availed itself of the laws in the District of Columbia.

Supplemental jurisdiction would not apply to Plaintiff's state statutory and common law claims in the absence of a valid federal cause of action. Plaintiff's failure and inability to properly plead a federal cause of action requires this court to dismiss his state statutory and common law claims.

### CONCLUSION

For the foregoing reasons, Defendant Suburban Travel's Motion should be granted, and the Complaint should be dismissed against Defendant Suburban Travel, as to all alleged claims, counts, and causes of action **with prejudice**.

    Respectfully submitted,

    MARCUS & BONSIB

    */s/ Bruce L. Marcus*
    _____
    BRUCE L. MARCUS, ESQ. (#MD06341)
    6411 Ivy Lane, Suite 116
    Greenbelt, MD  20770
    (301) 441-3000