## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR H. SPARROW, III**<br>1768 Willard Street, Northwest<br>Washington, District of Columbia 20009<br><br>               Plaintiff *pro se,*<br>     v.<br><br>**AIR FRANCE-KLM GROUP**<br>45, rue de Paris<br>95747 Roissy, France<br><br>**AIR FRANCE**<br>45, rue de Paris<br>95747 Roissy, France<br>CDG Cedex<br><br>**SUBURBAN TRAVEL**<br>11510-G Rockville Pike<br>Rockville, Maryland  20852<br><br>             Defendants. | ) Case No. **05-01577 RMC**<br>)<br>) **NOTICE OF MOTION**<br>) **& MOTION TO**<br>) **STRIKE MOTION**<br>) **TO DISMISS FILED**<br>) **BY SUBURBAN**<br>) **TRAVEL & REQUEST**<br>) **TO ENTER DEFAULT.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO:    **DEFENDANT SUBURBAN TRAVEL &**
            **MESSERS MARCUS & BONSIB, ITS ATTORNEYS OF**
            **RECORD.**

     *PLEASE TAKE NOTICE* that on a date and time to be set by the

Court, the Plaintiff *pro se* Victor H. Sparrow, III, shall appear and move the Court

pursuant to Rules 11(f), 12(a)(1)(A), 17(b) and 55 of the *Federal Rules of Civil*

*Procedure* ("FRCP") as well as 28 *United States Code* §1927 for orders: **(1)**

striking the "motion to dismiss" filed by Defendant Suburban Travel; **(2)**

substituting the directors and shareholders of Bigio Brothers, Inc.,[1] as the real

---

[1] Please refer to Lines 10 & 11 on Page 1 of "Defendant Suburban Travel's Motion to Dismiss."

RECEIVED

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

parties in interest in this cause; and **(3)** entering their default under *FRCP* Rule 55 for their collective failure to answer or otherwise move within the time established by *FRCP* Rule 12 as extended by the Court.

The grounds for issuance of the order are that neither "Suburban Travel" nor Bigio Brothers, Inc. is registered with the Maryland State Department of Assessment & Taxation.[2]  As such it lacks the legal capacity to plead and appear before this Court under §3-503(d) of the *Maryland Corporations Code*.  Costs are sought under the *ejus* of 28 *United States Code* §1927 because counsel was specifically advised of the lack of legal capacity of its client in ¶4 of the complaint and later by e-mail dated September 7, 2005.[3]  This motion is based on the instant Notice of Motion & Motion, the Declaration of Plaintiff in Support of Motion, the Request for Entry of Default of Suburban Travel previously filed in this cause, the substantive corporation law of the State of Maryland, the State of the putative incorporation of Bigio Brothers, Inc. the files and records of this cause, and all other matters which may properly come to the attention of the Court either prior to or on the date of hearing.

Dated:  September 20, 2005

**THE PLAINTIFF, Pro se**

By _____

Victor H. Sparrow, III
1768 Willard Street, Northwest
Washington, District of Columbia 20009

Telephone: (202) 246-7677

---

"Plaintiff has improperly named Defendant as Suburban Travel in its
Complaint rather than in the name of Bigio Brothers, Inc."

[2] § 1-406 of the *Maryland Corporations Code* states: "(a)  *Required filings.-* Any person engaged in any mercantile, trading, or manufacturing business as an agent or doing business or trading under any designation, title, or name other than the person's own name, prior to commencing operation of the business, shall file with the Department of Assessments and Taxation a certificate"

[3] Please refer to Exhibit "A" to "Declaration of Plaintiff in Support of Motion."