# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR H. SPARROW, III**<br>1768 Willard Street, Northwest<br>Washington, District of Columbia 20009<br><br>Plaintiff *pro se*,<br><br>v.<br><br>**AIR FRANCE-KLM GROUP**<br>45, rue de Paris<br>95747 Roissy, France<br><br>**AIR FRANCE**<br>45, rue de Paris<br>95747 Roissy, France<br>CDG Cedex<br><br>**SUBURBAN TRAVEL**<br>11510-G Rockville Pike<br>Rockville, Maryland 20852<br><br>Defendants. | ) Case No. 05-01577 RMC<br>)<br>) **DECLARATION IN<br>) SUPPORT OF MOT-<br>) ION TO STRIKE.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Comes now, Plaintiff *pro se*, Victor H. Sparrow, III, pursuant to Rule 55(a) of the ***Federal Rules of Civil Procedure*** ("FRCP") and moves this Court for an order striking the motion to dismiss filed in this cause by Defendant Suburban Travel and requests that the default of Suburban be entered in this cause for its failure to plead or otherwise move within the twenty (20) days established by ***FRCP*** Rule 12(a)(1)(A).  In support of this motion the Plaintiff, under penalty of perjury pursuant to 28 ***United States Code*** §1746, based upon his own personal knowledge states and declares as follows:

1.  The Complaint in this cause was filed on August 5, 2005.

2.  The Summons and Complaint was personally served upon Defendant Suburban Travel at approximately 11:33 a.m. on August

8, 2005 at its office located within the City of Rockville, Montgomery County, State of Maryland at 11510-G Rockville Pike, Rockville, Maryland 20852. A copy of the "Proof of Service" has been filed in the Office of the Clerk of Court.

3.      The initial twenty (20) day period provided for under *FRCP* Rule 12(a)(1)(A) expired on August 28, 2005. Plaintiff stipulated to a "Consent Motion to Extend Time" for Suburban Travel to answer or otherwise move. In so doing, the Plaintiff advised counsel that "Suburban Travel" was not registered on Maryland and that he would move to strike unless Suburban Travel was properly registered in the State of Maryland. A copy of the e-mail to counsel is attached and incorporated by reference in this Declaration as Exhibit "A."

4.      In its motion to dismiss filed in this cause, counsel advised the Court that "Plaintiff has improperly named Defendant as Suburban Travel in its Complaint rather than in the name of Bigio Brothers, Inc."

5.      Neither "Suburban Travel" nor "Bigio Brothers" is in good standing with the Maryland Secretary of State or the Maryland State Department of Assessments & Taxation ("SDAT"). Indeed, the SDAT database reveals that the charter for Bigio Brothers is "forfeited." "Forfeited" is defined for a Maryland as an entity whose "… existence has been ended by the State for some delinquency." (Exhibit "B") "Suburban Travel, Inc. was "dissolved." (Exhibit "C").

6.      Since a dissolved or forfeited entity is legally incompetent to participate in Court proceedings under *FRCP* Rule 17(b), the motion to dismiss should be striken and the default of Suburban and Bigio Brothers, Inc. should be entered in this cause. The

directors of Bigio Brothers, Inc. should be ordered substituted in this cause as the "real parties in interest" under the substantive law of Maryland pursuant to *FRCP* Rule 17(a).

7.      The Plaintiff has expended the sum of $47.50 in costs in the research, preparation, copying, and filing of this motion. An award of these fees to the Plaintiff is appropriate under the provisions of 28 *United States Code* §1927.

8.      I am fully competent to testify and would do so to the foregoing substance and effect based upon my own personal knowledge if called upon to do so in any Court of competent jurisdiction.

Executed at Washington City, within the District of Columbia on September 20, 2005.

Dated: September 20, 2005

THE PLAINTIFF, Pro se

By_____
        Victor H. Sparrow, III
        1768 Willard Street, Northwest
        Washington, District of Columbia 20009
        Telephone: (202) 246-7677