IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR H. SPARROW, III : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 05-01577RMC |
| : | |
| AIR FRANCE-KLM GROUP, et al. : | |
| : | |
| Defendants. : | |

**DEFENDANT SUBURBAN TRAVEL'S MEMORANDUM OF LAW
IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT, SUBURBAN TRAVEL'S MOTION TO DISMISS AND
<u>REQUEST TO ENTER DEFAULT</u>**

COMES NOW named Defendant, Suburban Travel, by and through its counsel, Bruce L. Marcus, Esq., Joseph A. Compofelice, Jr., Esq., and Marcus & Bonsib, and thereby submits this Memorandum of Points and Authorities in support of its Opposition to Plaintiff's Motion to Strike (hereinafter "Opposition").

**I.    INTRODUCTION**

Plaintiff filed suit against Defendants Suburban Travel, Air France-KLM, and Air France alleging, among other things, that Defendants racially discriminated against Plaintiff and his six traveling companions in a transaction involving ticket sales and international travel. Plaintiff filed suit against Defendants jointly and severally seeking damages under 42 U.S.C. §1981, 42 U.S.C. §1985(3), 42 U.S.C. §1986, 42 U.S.C. §2000, the Montreal Convention, the District of Columbia Consumer Protection Act, the District of Columbia Human Rights Act, and intentional infliction of emotional distress. Defendant Suburban Travel filed a Motion to Dismiss Complaint on September 15, 2005.

Plaintiff filed his Motion to Strike Motion to Dismiss Filed by Suburban Travel and Request to Enter Default on September 20, 2005.

## II. FACTUAL BACKGROUND

Plaintiff alleges in his Motion to Strike Motion to Dismiss Filed by Suburban Travel and Request to Enter Default (hereinafter "Motion to Strike") that Defendant Suburban Travel failed to properly respond to his Complaint and a default judgment should be entered against Defendant Suburban Travel. (Motion to Strike, ¶ 6). Plaintiff alleges that Defendant Suburban Travel, a company that operates and is incorporated in the state of Maryland, has a "dissolved" charter with the Maryland Secretary of State and is therefore unable to participate in Court proceedings under F.R.C.P. 17(b). (Motion to Strike, ¶ 5-6). Further, Plaintiff alleges that Bigio Brothers, Inc., (hereinafter "Bigio Brothers") which serves as Defendant Suburban Travel's proper trade name, is a company with a "forfeited" charter and therefore legally incompetent to participate in court proceedings. (Motion to Strike, ¶ 5-6). Plaintiff prays that Defendant Suburban Travel's Motion to Dismiss be stricken, that Bigio Brothers should be substituted as a party of interest in this case, that a default judgment be entered against both Suburban Travel and Bigio Brothers and that he be awarded $47.50 in unspecified costs.

## III. ARGUMENT

### A. Defendant Suburban Travel May Defend Itself Against Plaintiff's Suit Regardless of Its Charter Status and Plaintiff's Request for An Entry of Default Must Fail

Plaintiff's argument that Defendant Suburban Travel's Motion to Dismiss must be stricken because neither Defendant Suburban Travel nor Bigio Brothers is in good standing with the Maryland State Department of Assessments & Taxation (SDAT) is a

2

patently incorrect reading of applicable law. Plaintiff, citing absolutely no relevant authority, argues that Defendant Suburban Travel must be prohibited from filing any responsive pleadings or defending itself against Plaintiff's suit simply because it is not in good standing with SDAT. Plaintiff further argues that Bigio Brothers must also be prevented from filing any responsive pleadings, despite the fact that it is not named in the Complaint as a party Defendant nor has Plaintiff moved to amend the Complaint to include Bigio Brothers as a party defendant as required by F.R.C.P. 15(a). Plaintiff's interpretation of the applicable case law is incorrect, and his Motion to Strike must be denied.

Plaintiff has filed suit in this Court against Defendant Suburban Travel, a company domiciled and with its principal place of business in Maryland. To determine a party's capacity to sue or be sued, District of Columbia law requires that the court look to the law of the party's domicile. D.C. SCR-Civil Rule 17(b), acc'd <u>Eastern Europe v. Bigdan Corporation</u>, 2005 WL 757611 (D.C. Super. 2005). The Court must then turn to Maryland law, which is clear: even when not in good standing, a Maryland corporation may still be sued in its corporate capacity. Md. Code Ann. Corps. & Ass'ns § 3-515(a). Plaintiff has filed suit against Defendant Suburban Travel, and Defendant Suburban Travel may properly proceed in defense of Plaintiff's claims against it.

Plaintiff's request for an entry of default against both Defendant Suburban Travel and Bigio Brothers must similarly fail. F.R.C.P. 55(a) permits a default entry of judgment where a party either fails to respond or otherwise defend a suit. This failure to defend can include a failure to properly or adequately file responsive pleadings, such as when a party files a letter that does not address the substance of the complaint and the

3

party later fails to attend a pre-trial conference.  McGrady v. D'Andrea Electric, Inc., 434 F.2d 1000 (5th Cir. 1970).  A default judgment for failure to adequately defend has also been issued where a defendant filed an unrelated counterclaim and failed to file an answer.  Madsen v. Bumb, 419 F.2d 4 (9th Cir. 1969).  Defendant Suburban Travel has properly filed responsive pleadings under Maryland law, rendering a default judgment improper.  Bigio Brothers is not a party to this case and cannot have a default judgment entered against it.  Additionally, and as enumerated in Defendant Suburban Travel's Motion to Vacate filed on September 27, 2005, Plaintiff previously granted entry of default must be dismissed because Plaintiff had consented to an extension of time for Defendant Suburban Travel to file its responsive pleadings.

Further, Plaintiff's allegation that Bigio Brothers, Defendant Suburban Travel's proper trade name, has a "forfeited" charter and is not in good standing with SDAT is only partially correct.  Bigio Brothers has filed its required personal property filings with SDAT and is in the process of attaining "good standing".  (See Exhibit 1, SDAT Business Entity Information for Bigio Brothers, Inc., dated September 30, 2005).

    **B.**    **Plaintiff is Unable to Recover Costs Under 28 U.S.C. §1927 Because Defendant Suburban Travel Has Not Unnecessarily Multiplied the Proceedings**

Plaintiff requests costs in the amount of $47.50 for which he claims to have expended in the research, preparation, copying and filing of his Motion to Strike. (Motion, ¶ 7).  Plaintiff claims that because he informed Defendant Suburban Travel's counsel via e-mail that Suburban Travel was not in good-standing with Maryland SDAT, Defendant Suburban Travel's Motion to Dismiss was improperly filed, and thereby necessitating the filing of Plaintiff's Motion to Strike.  (Motion, ¶ 4-7).  Notwithstanding

4

the fact that Plaintiff's motion is without legal or factual basis, Plaintiff is not entitled to **any** award of attorney's fees or costs simply because he disagrees with an opposing party's position. Plaintiff requests such fees and costs under 42 U.S.C. § 1927 but does not enumerate how those costs were alleged to have incurred. Plaintiff's request must also be denied, however, because Plaintiff has failed to demonstrate how Defendant Suburban Travel's defense of Plaintiff's suit has unreasonably or vexatiously multiplied the proceedings.

An attorney may be liable for litigation costs under 42 U.S.C. §1927 when his conduct unreasonably or vexatiously multiplied the proceedings, resulting in excess costs, expenses and attorneys fees. The statute's intention is to curb abusive litigation tactics employed by lawyers. Sassover v. Field, 973 F.2d 75 (2d Cir. 1992). The moving party must demonstrate bad faith on the part of the opposing counsel. Macias v. McGrath, 322 F.Supp.2d 1041 (N.D. Cal. 2004). Bad faith is evidenced by the filing of meritless claims, the filing of meritorious claims for the purpose of harassing opponent, or the filing of frivolous and repetitive motions based upon the same set of underlying facts. Pentagon Techs. Int'l Ltd v. United States, 172 F. Supp.2d 464 (S.D.N.Y. 2001), affirmed Kurz v. Chase Manhattan Bank USA, 324 F. Supp.2d 444 (S.D.N.Y. 2004). Further, due process considerations require that counsel be heard prior to the imposition of costs. Knorr Brake Corp. v. Harbil, 738 F.2d 223 (7th Cir. 1984).

Plaintiff has failed to demonstrate in his Motion to Strike either that Defendant Suburban Travel has acted in bad faith or has filed frivolous or repetitive motions. Plaintiff bases his claim of costs on a single e-mail in which he alleges to have advised Defendant Suburban Travel's counsel that filing any response to his suit without being in

5

good standing with Maryland SDAT in violation of Rule 11.  (See Motion ¶3 and Exhibit A).  Plaintiff is essentially arguing that any response or defense to Plaintiff's suit would represent an unreasonable multiplication of these proceedings, a line of reasoning which would leave Defendant Suburban Travel without any means of responding to Plaintiff's Complaint.  Plaintiff has incorrectly interpreted the applicable Maryland law regarding a corporation's ability to defend itself from suit, a fact which negates any argument that Defendant Suburban Travel's Motion to Dismiss was meritless.  Further, Plaintiff has utterly failed in meeting its burden of demonstrating how Defendant Suburban Travel's single filing is either in bad faith, duplicative, or frivolous.  Defendant Suburban Travel's Motion to Dismiss was filed in defense of Plaintiff's initiated suit, a filing for which Defendant Suburban Travel cannot be penalized.

      **C.**     **Plaintiff Has Failed to Timely Respond to Defendant Suburban Travel's Motion to Dismiss**

Defendant Suburban Travel has properly filed its Motion to Dismiss electronically on September 15, 2005, and placed a copy in the mail to Plaintiff.  District of District of Columbia Local Rule 7(b) requires that any opposition to a motion be filed within 11 days after service, and an additional three days to file an opposition are granted under F.R.C.P. 6(e) to parties receiving motions through the mail.  Plaintiff's opposition to Defendant Suburban Travel's Motion to Dismiss, should he choose to file one, would therefore have been due on or about September 29, 2005.  Plaintiff has not filed any opposition or response to Defendant Suburban Travel's Motion to Dismiss opting instead to file this Motion to Strike.  Plaintiff's failure to file an opposition to Defendant Suburban Travel's Motion to Dismiss, unlike a situation in which a defendant files a motion to dismiss in lieu of an answer in response to a filed complaint, allows the Court

to treat the motion as conceded. LCvR 7(b). Therefore, Defendant Suburban Travel requests that the Court grant its previously filed Motion to Dismiss and dismiss Plaintiff's Complaint against it with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Suburban Travel's Motion to Dismiss should be denied, as should its Request to Enter Default. Additionally, Defendant Suburban Travel's Motion to Dismiss Plaintiff's Complaint should be granted.

Respectfully submitted,

MARCUS & BONSIB

/s/ *Bruce L. Marcus*

_____
Bruce L. Marcus, Esq. (#MD 06341)
6411 Ivy Lane, Suite 116
Greenbelt, MD 20770
(301) 441-3000
Counsel for named Defendant Suburban Travel