**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VICTOR H. SPARROW, III : | |
| : | |
| Plaintiff, : | |
| : | |
| v.        : | Case No. 05-01577RMC |
| : | |
| AIR FRANCE-KLM GROUP, et al.    : | |
| : | |
| Defendants.   : | |

**CROSS-CLAIM DEFENDANT, SUBURBAN TRAVEL'S**
**ANSWER TO CLAIM FILED BY CROSS-CLAIM PLAINTIFF, AIR FRANCE**

COMES NOW Defendant/Cross-Claim Defendant, Suburban Travel ("Suburban"), by and through counsel Bruce L. Marcus, Esquire, Joseph A. Compofelice, Jr., Esquire and Marcus & Bonsib, and as its Answer to Defendant/Cross-Claim Plaintiff, Air France's Cross-Claim states the following:

1. Defendant Suburban admits the allegations contained in ¶ 1 of he Cross-Claim to the extent that, upon information and belief, Plaintiff filed his Complaint in this action on August 5, 2005. Defendant Suburban refers to the original Complaint for the content thereof, as the document speaks for itself.

2. Defendant Suburban admits the allegations contained in ¶ 2 of he Cross-Claim to the extent that Plaintiff made certain ticket reservations and purchased certain tickets through Suburban for travel on Air France. Defendant Suburban refers to the original documents for the specifics of the reservations and flight information, as the documents speak for themselves.

3. Defendant Suburban admits the allegations contained in ¶ 3 of he Cross-Claim to the extent that, upon information and belief, Plaintiff's ticket reservations and

travel dates were changed.  Defendant Suburban refers to the original documents for the specifics of the reservations and flight information, as the documents speak for themselves.

      4.      Defendant Suburban admits the allegations contained in ¶ 4 of he Cross-Claim to the extent that, upon information and belief, Plaintiff's ticket reservations and travel dates were changed.  Defendant Suburban refers to the original documents for the specifics of the reservations and flight information, as the documents speak for themselves.

      5.      Defendant Suburban denies each and every allegation contained in ¶ 5 of the Cross-Claim.

      6.      Defendant Suburban denies each and every allegation contained in ¶ 6 of the Cross-Claim.

## **NEGATIVE DEFENSES**

### First Negative Defense

Cross-Claim Plaintiff fails to properly plead the legal existence of a party.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

Cross-Claim Plaintiff has failed to state a claim against Cross-Claim Defendant Suburban for which relief may be granted.

### Second Affirmative Defense

Cross-Claim Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### Third Affirmative Defense

Cross-Claim Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Cross-Claim Plaintiff's claims are barred by the doctrine of laches.

### Fifth Affirmative Defense

Cross-Claim Plaintiff's claims are barred by the doctrine of release.

### Sixth Affirmative Defense

Cross-Claim Plaintiff's claims are barred by the doctrines of accord and satisfaction.

### Seventh Affirmative Defense

Cross-Claim Plaintiff's claims are barred by the statute of frauds.

### Eighth Affirmative Defense

Cross-Claim Plaintiff's claims are barred as Plaintiff has suffered no cognizable injury as a result of any act or omission of Defendant Suburban.

### Ninth Affirmative Defense

Cross-Claim Plaintiff's claims are barred as any alleged injury sustained by Cross-Claim Plaintiff was a result of its own actions and/or omissions.

### Tenth Affirmative Defense

If Cross-Claim Plaintiff has suffered damages as alleged in the Cross-Claim, any such injuries were caused by persons or entities other than Defendant Suburban.

### Eleventh Affirmative Defense

Cross-Claim Plaintiff's claims are barred by the statute of limitations.

### Twelfth Affirmative Defense

Cross-Claim Defendant Suburban denies liability generally.

WHEREFORE, Cross-Claim Plaintiff's Cross-Claim against Defendant Suburban having been answered in full, Defendant Suburban requests that this Honorable Court dismiss the Cross-Claim, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

MARCUS & BONSIB

/s/ *Bruce L. Marcus*
_____
Bruce L. Marcus, Esq. (#MD 06341)
6411 Ivy Lane, Suite 116
Greenbelt, MD  20770
(301) 441-3000
*Counsel for Defendant/*
*Cross-Claim Defendant Suburban Travel*

## Certificate of Service

I hereby certify that on this 6th day of October 2005 a copy of the foregoing was filed electronically and mailed first-class, postage prepaid, to:

Victor H. Sparrow, III
1768 Willard Street, NW
Washington, D.C. 20009
*Plaintiff, pro se*

Lynn E. Calkins, Esq.
Holland & Knight, LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
*Counsel for Defendant/Cross-Claim Plaintiff Air France*

/s/ *Bruce L. Marcus*
_____
Bruce L. Marcus