IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR H. SPARROW, III<br>1768 Willard Street, Northwest<br>Washington, District of Columbia 20009<br><br>Plaintiff *pro se*,<br>v.<br><br>AIR FRANCE-KLM GROUP<br>45, rue de Paris<br>95747 Roissy, France<br><br>AIR FRANCE<br>45, rue de Paris<br>95747 Roissy, France<br>CDG Cedex<br><br>SUBURBAN TRAVEL<br>11510-G Rockville Pike<br>Rockville, Maryland 20852<br><br>Defendants. | Case No. 05-01577 RMC<br><br>REPLY MEMORANDUM<br>IN SUPPORT OF MOTION<br>TO STRIKE MOTION<br>TO DISMISS FILED<br>BY SUBURBAN<br>TRAVEL & REQUEST<br>TO ENTER DEFAULT. |

On September 20, 2005, the Plaintiff *pro se* Victor H. Sparrow, III ("Sparrow"), filed motions: **(1)** to strike the "motion to dismiss" filed by Defendant Suburban Travel ("Suburban"); **(2)** to substitute the employees, directors, and shareholders of Bigio Brothers, Inc.,[1] as the real parties in interest in this cause in their personal capacities; and **(3)** for the entry of their default under *FRCP* Rule 55 for their collective failure to answer or otherwise move within the time established by *FRCP* Rule 12 as extended by the Court based upon the continuing corporate incapacity of either "Suburban Travel" and "Bigio

---

[1] Please refer to Lines 10 & 11 on Page 1 of "Defendant Suburban Travel's Motion to Dismiss:"

"Plaintiff has improperly named Defendant as Suburban Travel in its Complaint rather than in the name of Bigio Brothers, Inc."

**RECEIVED**
OCT 12 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Brothers, Inc." at the date of the events alleged in the complaint, the date upon which the complaint in this cause was filed, and the date upon which the motion to dismiss was filed.

Sparrow's "motion to strike" as well as the original verified allegations contained in ¶4 of the complaint are the specific types of "negative averments" provided for in Rule 9(a) of the *Federal Rules of Civil Procedure*.[2] (*Chrysler Credit Corporation v. Chrysler Motors Corporation* 538 F.2d 616, 618 [4th Cir. 1976]).

In Paragraph Four of the complaint, Sparrow described his inability to identify Suburban as a corporate entity. He presented governmental records demonstrating that this entity was not registered by or licensed with the Montgomery County government or the Maryland State Department of Assessments & Taxation ("SDAT"). In its motion to dismiss, Suburban advised the Court that its appropriate and correct legal capacity was a putative Maryland corporation known as "Bigio Brothers, Inc." In his motion to strike, Sparrow again presented the Court with SDAT records demonstrating that neither Suburban nor Bigio Brothers were registered as juridical entities with the Montgomery County or Maryland State governments. As a courtesy, Sparrow had consented to Suburban's filing its pleadings out of time and had specifically advised counsel that he would move to strike any pleadings unless Suburban was properly licensed.[3] Counsel has yet to provide the Court with either Montgomery County or SDAT records demonstrating that either Suburban or Bigio Brothers is properly licensed or registered.[4]

---

[2] Rule 9 (a) of the **Federal Rules of Civil Procedure provides:**

"It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

[3] Please refer to Exhibit "A" to the "Declaration of Plaintiff in Support of Motion to Strike."

[4] Indeed, counsel concedes that neither "Suburban Travel" nor "Bigio Brothers, Inc." is properly registered. "

In the motion, Sparrow also sought fees and costs under the *ejus* of 28 *United States Code* §1927 because of an unnecessary and vexatious multiplication of pleadings and costs in this cause.[5]

Suburban has opposes the "motion to strike" because Sparrow "... fails to state any cognizable grounds upon which the requested relief can be granted by this Court."[6] The purpose of this reply memorandum is to supply Suburban with additional authority in support of the pending motion.

Although Suburban mistakenly cites the D.C. Superior Court Civil Rules as governing authority, Sparrow agrees with Suburban that its legal capacity to sue or be sued is governed by the substantive law of Maryland law, its domicile.[7] *Federal Rule of Civil Procedure* 17(b) provides: "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." "The rule simply codifies the well established principle that the issue of a corporation's capacity to sue is a question of substantive law." (*Chrysler Credit Corporation v. Chrysler Motors Corporation* 538 F.2d 616, 617 [4th Cir. 1976]). Unfortunately for Suburban the substantive law of Maryland as set out by the Court of Appeals in *Dual, Incorporated et al. v. Lockheed Martin et al.* 657 A.2d 1095, 1107 [Md. 2004] provides that:

---

Further, Plaintiff's allegations that Bigio Brothers, Defendant Suburban Travel's proper trade name, has a "forfeited" charter and is not in good standing with SDAT is **only partially correct**. Bigio Brothers has filed its required personal property filings with SDAT and **is in the process** of obtaining "good standing." [Emphasis supplied.]
[Lines 11 through 15 on Page 4 of Suburban's Opposition]

In other words, counsel concedes that both Suburban and Bigio Brothers have not achieved "good standing" as of the date of the filing of its "Motion to Dismiss" as well as their collective Opposition.

[5] Section 1927 provides in pertinent part as follows: "§ 1927. Counsel's liability for excessive costs Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

[6] Please refer to Lines 8 through 10 found on Page 1 of Suburban's Opposition.

[7] Please refer to Lines 10 through 14 found on Page 3 of Suburban's Opposition.

> A corporation, the charter for which is forfeit, is a legal non-entity; all powers granted to Dual, Inc. by law, including the power to sue or be sued, were extinguished generally as of and during the forfeiture period. *See* Md. Code (1975, 1999 Repl. Vol.), §§ 2-103(2), 3-503(d) of the Corporations & Associations Article (stating that after the State Department of Assessments and Taxation declares a corporation's charter forfeit, "the powers conferred by law on the corporations are inoperative, null, and void as of the date of the proclamation, without proceedings of any kind either at law or in equity"); *see also Stein v. Smith*, 358 Md. 670, 675, 751 A.2d 504, 507 (2000) (stating that upon forfeiture of the corporate charter, a corporation loses the power to sue). In this case, Dual, Inc.'s charter became forfeit on 2 October 1997. Therefore, generally any suit filed on behalf of Dual, Inc. while its charter was forfeit, was a nullity as a matter of Maryland law. *Stein*, 358 Md. at 675, 751[8]

Because neither "Suburban Travel" nor Bigio Brothers, Inc. is properly registered with the SDAT,[9] each lacks the legal capacity to plead and appear before this Court under §3-503(d) of the *Maryland Corporations Code*.

Costs are sought under the *ejus* of 28 *United States Code* §1927 because counsel was specifically advised of the lack of legal capacity of its client in ¶4 of the complaint and later by e-mail dated September 7, 2005.[10] Had counsel confirmed the corporate status of his client, this memorandum to strike as well as this reply memorandum would not have been required.

The Rule 9(a) "specific averments" suggesting a lack of corporate capacity in Suburban and Bigio made by Sparrow in the Complaint and in the "motion to strike" remain unanswered. Under the unique facts and circumstances of this case, the entry of a default against Suburban and any of its **alter egos** is warranted because of the conditioning of Sparrow's consent to the Suburban filing out of time was predicated upon Suburban's compliance with the required Maryland state registration requirements to say nothing of the substantive requirements of the *Maryland Corporations Code*.

---

[8] A copy of the Dual is attached for the ready reference of the Court and counsel as Exhibit "A."

[9] § 1-406 of the *Maryland Corporations Code* states: "(a) *Required filings.-* Any person engaged in any mercantile, trading, or manufacturing business as an agent or doing business or trading under any designation, title, or name other than the person's own name, prior to commencing operation of the business, shall file with the Department of Assessments and Taxation a certificate"

[10] Please refer to Exhibit "A" to "Declaration of Plaintiff in Support of Motion."

10-13-05 Reply Memorandum in Support of Plaintiff's Motion to Strike.                    Page 4.

The Court is specifically requested to take "mandatory judicial notice" of the filing and records of this cause pursuant to Rule 201(d) of the *Federal Rules of Evidence*.

For the reasons stated above, the motion to strike sought by Sparrow should be granted by the Court.

Dated: October 13, 2005

THE PLAINTIFF, Pro se

By_____
Victor H. Sparrow, III
1768 Willard Street, Northwest
Washington, District of Columbia 20009

Telephone: (202) 246-7677