**EXHIBIT "A"**

Chrysler Credit Corporation, a body corporate of the State of Delaware, Appellee, v. Superior Dodge, Inc., Appellant. Superior Dodge, Inc., and Marvin H. Greenfield, Appellees, v. Chrysler Credit Corporation, Appellant, and Chrysler Corporation, Chrysler Motors Corporation, Chrysler Financial Corporation, Chrysler Realty Corporation, and Chrysler Leasing Corporation, Defendants. Superior Dodge, Inc., and Marvin H. Greenfield, Appellees, v. Chrysler Motors Corporation, Appellant, and Chrysler Corporation, Chrysler Credit Corporation, Chrysler Financial Corporation, Chrysler Realty Corporation, and Chrysler Leasing Corporation, Defendants. Superior Dodge, Inc., and Marvin H. Greenfield, Appellants, v. Chrysler Motors Corporation and Chrysler Credit Corporation, Appellees

No. 75-1841, No. 75-1842, No. 75-1843, No. 75-1844

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

*538 F.2d 616; 1976 U.S. App. LEXIS 7841; 1976-2 Trade Cas. (CCH) P61,011; 22 Fed. R. Serv. 2d (Callaghan) 19*

March 1, 1976, Argued
July 26, 1976, Decided

**PRIOR HISTORY:** [**1]

Appeals from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, District Judge.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** All parties, car manufacturer, finance company, car dealership and owner, appealed from the order of the United States District Court for the District of Maryland, which granted judgment notwithstanding the verdict in favor of the manufacturer and finance company after a jury awarded damages to the dealership and owner for fraud, tortious interference with contract, and breach of contract on the part of the manufacturer and finance company.

**OVERVIEW:** The district court based the judgment notwithstanding the verdict on the fact that the car dealership had lost its corporate charter because of unpaid taxes. However, the dealership's charter had been revived while the motions for judgment notwithstanding the verdict were pending, and state law provided that all acts done within the scope of a corporate charter during the time the charter was void were validated by the revival of the charter. The court rejected the contention that the district court's judgment was appropriate because when lack of capacity was pleaded in accordance with Fed. R. Civ. P. 9(a), the denial raised an issue of fact which was required to be resolved before the verdict. The court held that such a conclusion would compromise the policy of deference to state law underlying Fed. R. Civ. P. 17(b), which dictated that capacity of a corporation to sue and be sued was governed by the law of the incorporating state. The court held that the district court should have considered all circumstances existing at the time it decided the motion for judgment notwithstanding the verdict, including the affect that state law attributed to the revival of a corporate charter.

**OUTCOME:** Judgment in favor of the finance company and against the dealership owner on amounts owed under a promissory note was affirmed. Judgment notwithstanding the verdict in favor of the manufacturer and finance company and against the dealership was vacated. The case was remanded for reentry of the judgment in favor of the dealership and against the manufacturer and finance company.

LexisNexis(R) Headnotes

*Civil Procedure > Joinder of Claims & Parties > Capacity of Parties*
[HN1] Fed. R. Civ. P. 17(b) provides that the capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. The rule codifies the principle that the issue of a corporation's capacity to sue is a question of substantive law.

*Business & Corporate Entities > Corporations > Governance*
*Civil Procedure > Joinder of Claims & Parties > Capacity of Parties*
[HN2] Under Md. Code Ann., Corps. & Ass'ns, § 3-513 (1975), the effect of revival is to validate all contracts, acts, matters and things made, done and performed within the scope of its charter by the corporation, its officers and agents during the time when the charter was void, with the same force and effect and to all intents and purposes as if the charter had at all times remained in full force and effect. All real and personal property, rights and credits of the corporation at the time its charter became void and of which it was not divested prior to such revival shall be vested in the corporation, after such revival, as fully as they were held by the corporation at the time its charter became void.

*Civil Procedure > Joinder of Claims & Parties > Capacity of Parties*
[HN3] Fed. R. Civ. P. 9(a) provides that it is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

**COUNSEL:**

George W. Miller (Frank F. Roberson, Hogan and Hartson on brief) for Chrysler Motors Corporation; Fenton L. Martin (Clapp, Somerville, Black & Honemann on brief) for Chrysler Credit Corporation; Robert F. Wood (Walter E. Laake, Jr., Kaplan, Smith, Joseph, Greenwald & Laake on brief) for Marvin H. Greenfield and Superior Dodge, Inc.

**JUDGES:**

Butzner, Circuit Judge, Field, Senior Circuit Judge, and Widener, Circuit Judge.

**OPINION BY:**
BUTZNER

**OPINION:**

[*617] BUTZNER, Circuit Judge:

These appeals and cross appeals arise out of suits brought on franchise and credit contracts between Chrysler Motors Corporation and Chrysler Credit Corporation, on the one hand, and, on the other, Marvin H. Greenfield and his wholly owned corporation, Superior Dodge, Inc.

The jury found that Chrysler Motors had violated the Dealer's Day in Court Act, *15 U.S.C. § 1221* et seq., and was liable for fraud and tortious interference with contract. It also found Chrysler Credit liable for fraud and breach of contract. It awarded Superior Dodge $115,584.00 [**2] and Greenfield $366,016.00 damages against both Motors and Credit.

On the consolidated case, the jury found Superior, Greenfield, and his wife liable to Chrysler Credit in the amount of $66,653.02 on a promissory note.

All of the parties moved for judgment notwithstanding the verdict. The district court granted Motors' and Credit's motions against Superior on the ground that its charter had been revoked and it lacked capacity to sue. The court denied all other motions. n1

n1 Before trial the court severed counts charging that Motors and Credit had violated the anti-trust laws. After ruling on the motions for judgment n.o.v., the court entered final judgment on the issues that had been tried by the jury and certified this appeal pursuant to *Rule 54(b) of the Federal Rules of Civil Procedure.*

The parties have assigned numerous grounds of error. Motors and Credit assert that the evidence was insufficient to sustain the verdict, that the court improperly admitted certain evidence, and that it erred in its [**3] instructions to the jury. Motors contends that the statute of limitations bars Greenfield's recovery against it. The Greenfields and Superior charge that the court erred in instructing the jury with respect to Credit's claim against them on the promissory note. Regarding their suit against both Motors and Credit, they complain the court erred by not instructing the jury that they could award punitive damages and by granting judgment against Superior notwithstanding the verdict in its favor.

Upon consideration of the briefs, record, and oral argument, we affirm all the rulings of the trial court except its grant of Motors' and Credit's motions for judgment n.o.v. against Superior. Only this ruling merits extended discussion.

On April 18, 1973, Maryland forfeited Superior's charter for failure to pay taxes. On November 18, 1974,

the district court granted Motors' and Credit's motions to amend their answers to raise the issue of capacity to sue. At trial Credit introduced into evidence a letter from the Maryland Department of Assessment and Taxation certifying that Superior's charter had been annulled; Superior introduced no contradictory proof. At the conclusion of all the [**4] evidence, Motors and Credit moved for a directed verdict on a number of grounds, including Superior's lack of capacity. The court denied the motion and did not submit this issue to the jury. The jury then returned a verdict in favor of Superior, and on December 30, 1974, the court entered judgment on the verdict. While the motion for judgment n.o.v. was pending, Superior paid the corporate taxes that were due and revived its charter on January 31, 1975.

The district court decided the motion for judgment n.o.v. on May 15, 1975. It ruled that the revival of the charter was of no consequence. It reasoned that under the amended pleadings the issue of Superior's capacity was an issue of fact, and, since Superior introduced no proof of its capacity during the trial, the jury's verdict in its favor was unsupported by the evidence. It therefore amended its judgment to provide that Superior should recover nothing from Motors and Credit.

[HN1] *Federal Rule of Civil Procedure 17(b)* provides: "The capacity of a corporation to sue or be sued shall be determined [*618] by the law under which it was organized." The rule simply codifies the well established principle that the issue of a corporation's [**5] capacity to sue is a question of substantive law. See *Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 259-60, 71 L. Ed. 634, 47 S. Ct. 391 (1927)*; 6 Wright and Miller, Federal Practice and Procedure § 1561 (1971). Superior is a Maryland corporation. [HN2] Under Maryland law the effect of revival is to

> ". . . validate all contracts, acts, matters and things made, done and performed within the scope of its charter by the corporation, its officers and agents during the time when the charter was void, with the same force and effect and to all intents and purposes as if the charter had at all times remained in full force and effect. All real and personal property, rights and credits of the corporation at the time its charter became void and of which it was not divested prior to such revival shall be vested in the corporation, after such revival, as fully as they were held by the corporation at the time its charter became void." n2

This statute, as interpreted by the Maryland Court of Appeals in *Redwood Hotel, Inc. v. Korbien, 197 Md. 514, 80 A.2d 28 (1951)*, requires reversal of the district court's judgment n.o.v. for Motors and [**6] Credit.

> n2 2B Ann. Code of Md. Art. 23, § 85(d)(1973 Repl. Vol.). The statute was revised, without substantive change, in 1975, *see* Ann. Code of *Md., Corporations and Associations, § 3-513* and Revisor's Note (1975).

In 1949 Redwood Hotel, Inc., forfeited its charter. The next year, it filed a petition in equity, which was dismissed for reasons other than the corporation's lack of capacity. While its appeal from the order of dismissal was pending, Redwood revived its charter. Its opponent Korbien argued that the appeal should be dismissed on the ground that Redwood's charter had been forfeited before it filed the petition, so it lacked capacity to sue. The Maryland Court of Appeals denied the motion to dismiss, because the statute retroactively validated the capacity of the corporation to sue through the revival of its charter pending appeal.

The district court did not advert to *Redwood*, and Motors and Credit seek to distinguish it by pointing out that the hotel corporation's lack of capacity [**7] to sue was not raised at trial. For this reason, they argue, *Redwood* deals only with the capacity of a Maryland corporation to appeal when its charter has been revived. Additionally, they say, when lack of capacity is pleaded in accordance with *Federal Rule of Civil Procedure 9(a)*, the denial raises an issue of fact which must be resolved before verdict. n3

> n3 [HN3] *Fed. R. Civ. P. 9(a)* provides:
>
> > "It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court.

> When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

In view of our disposition of the case, we need not reach Superior's additional claims that Motors did not comply with Rule 9(a) and that Credit is estopped from asserting lack of capacity because it brought suit against Superior.

[**8]

We do not read *Redwood* or Rule 9(a) as narrowly as Motors and Credit. *Redwood* deals with a corporation that lacked capacity to sue at the time it filed suit. Like Superior, it did not revive its charter until after judgment. The Maryland Court of Appeals noted that since the corporation was in existence at the time the appeal was heard, the case should be decided on the merits. *Redwood* teaches that the Maryland statute should be applied to validate a corporation's revived capacity to sue until the case is finally decided on appeal. Consequently, the district court should have considered all of the circumstances existing at the time it decided the motion for judgment n.o.v., including the effect that [*619] Maryland law attributes to the revival of the corporate charter.

Rule 9(a) does not require a different conclusion, for it only tells how the factual issue of a corporation's capacity must be raised. Rule 17(b) prescribes how the issue, once raised, should be decided. Applying Rule 17(b), we must give full retroactive recognition to the revival of Superior's charter after judgment. To interpret Rule 9(a) as requiring revival before judgment would compromise [**9] the policy of deference to state law which underlies Rule 17(b). Therefore, following *Redwood*, we hold that the January 31, 1975, revival of Superior's charter validated its capacity to sue during the period the charter was revoked.

The judgment is affirmed in part and vacated in part, and the case is remanded for the reentry of judgment in favor of Superior against both Motors and Credit, together with its costs. Superior shall recover its costs on this appeal, and the other parties shall bear their own costs.

## PROOF OF SERVICE

I, Trung Van La, state and declare under penalty of perjury that I am a citizen of the United States and that my place of business in the City of Washington, District of Columbia. I am over the age of eighteen (18) years and not a party to the above encaptioned action. My business address is 1200 New Hampshire Avenue, Northwest, Washington, District of Columbia 20036.

On the day set forth below I served the within "**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**" in Civil Action No.: **05-01577 RMC** in the United States District Court for the District of Columbia on each of the Defendants by e-mail "pdf" file and by placing a true copy thereof enclosed in a sealed envelope with first class Postage thereon fully prepaid, in the United States Postal Service Mail depository at Washington City within the District of Columbia, addressed to each of the following:

**Ms. Lynn E. Calkins**
Attorney at Law
Holland & Knight, L.L.P.
2099 Pennsylvania Avenue, Northwest (Suite #100)
Washington, District of Columbia 20006
(Counsel for Air France)
lynn.calkins@hklaw.com

**Bruce L. Marcus, Esquire**
Marcus & Bonsib
6411 Ivy Lane (Suite #116)
Greenbelt, Maryland 20770
(Counsel for Suburban Travel)
bmarcus@marcusbonsib.com

A copy of this same document was e-mailed in "pdf" format to counsel at the e-mail address under each of their names at approximately 8:00 a.m. on October 13, 2005.

I declare under penalty of perjury under the laws of the United States and those of the District of Columbia that the foregoing is true and correct pursuant to 28 *United States Code* §1746.

Executed at Washington City, within the District of Columbia on October 13, 2005.

Dated: October 13, 2005

TRUNG VAN LA